# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GLENDA ALVARADO,<br><br>    Defendant. | No. 18-CR-2044-LTS<br><br>**REPORT AND RECOMMENDATION** |

    On September 4, 2018, the above-named defendant appeared before the undersigned United States Magistrate Judge by consent and, pursuant to Federal Rule of Criminal Procedure 11, pleaded guilty to Count 2 of the Indictment. After cautioning and examining defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that defendant's decision to plead guilty was knowledgeable and voluntary, and each offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. I therefore **RECOMMEND** that the Court **ACCEPT** defendant's guilty plea and adjudge defendant guilty.

    At the commencement of the Rule 11 proceeding, I placed defendant under oath and explained that if defendant answered any question falsely, the government could prosecute defendant for perjury or for making a false statement. I also advised defendant that in any such prosecution, the government could use against defendant any statements made under oath.

    I then asked defendant a number of questions to ensure defendant had the requisite mental capacity to enter a plea. I elicited defendant's full name, age, and extent of

education. I also inquired into defendant's history of mental illness, use of illegal and/or prescription drugs and alcohol. From this inquiry, I determined defendant was not suffering from any mental disability that would impair defendant's ability to make a knowing, intelligent, and voluntary guilty plea.

Defendant acknowledged receipt of a copy of the Indictment and further acknowledged that defendant had fully discussed the Indictment with defendant's counsel. Defendant acknowledged that defendant had fully conferred with defendant's counsel prior to deciding to plead guilty and that defendant was satisfied with counsel's services.

I fully advised defendant of all of the rights defendant would be giving up if defendant decided to plead guilty, including:

1. The right to assistance of counsel at every stage of the case;

2. The right to a speedy, public trial;

3. The right to have the case tried by a jury selected from a cross-section of the community;

4. That defendant would be presumed innocent, and would be found not guilty unless the government could prove each and every element of the offense beyond a reasonable doubt;

5. Defendant would have the right to see and hear all of the government's witnesses, and defendant's attorney would have the right to cross-examine any witnesses called by the government;

6. That defendant would have the right to subpoena witnesses to testify at the trial and if defendant could not afford to pay the costs of bringing these witnesses to court, then the government would pay those costs;

7. That defendant would have the privilege against self-incrimination; i.e., defendant could choose to testify at trial, but need not do so; if defendant chose not to testify, then the Court would instruct the jury that it could not draw any adverse inference from defendant's decision not to testify;

8. That any verdict by the jury would have to be unanimous;

9. That defendant would have the right to appeal, and if defendant could not afford an attorney for the appeal, then the government would pay the costs of an attorney to prepare the appeal.

I explained that if defendant pleaded guilty, defendant would be giving up all of these rights, there would be no trial, and defendant would be adjudged guilty just as if defendant had gone to trial and a jury returned a guilty verdict against defendant.

I determined that defendant was pleading guilty pursuant to a plea agreement with the government. After confirming that a copy of the written plea agreement was in front of defendant and defendant's counsel, I determined that defendant understood the terms of the plea agreement. I summarized the plea agreement, and made certain defendant understood its terms.

I explained that because the plea agreement provided for dismissal of charges, if defendant pleaded guilty, a presentence report would be prepared and a district judge would consider whether or not to accept the plea agreement. If the district judge decided to reject the plea agreement, then defendant would have an opportunity to withdraw the guilty plea and instead plead not guilty.

I summarized the charge against defendant, and listed the elements of the crime charged. I determined that defendant understood each and every element of the crime, and defendant's counsel confirmed that defendant understood each and every element of the crime charged. I elicited a full and complete factual basis for all elements of the crime charged in Count 2 of the Indictment. Defendant's attorney indicated that the offense to which defendant was pleading guilty was factually supported.

I explained to defendant that the district judge would determine the appropriate sentence at the sentencing hearing. I explained that the Court will use the advisory United States Sentencing Guidelines to calculate defendant's sentence. I explained that the

sentence imposed might be different from what the advisory guidelines suggested it should be, and may be different from what defendant's attorney had estimated. I explained that a probation officer would prepare a written presentence investigation report and that defendant and defendant's counsel would have an opportunity to read the presentence report before the sentencing hearing, and would have the opportunity to object to the contents of the report. I further explained that defendant and defendant's counsel would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

I advised defendant of the consequences of each guilty plea, including the maximum fine, the maximum term of imprisonment, and the possibility that restitution may be ordered. Specifically, I advised defendant that **Count 2** of the Indictment is punishable by up to **five years** in prison; a period of supervised release following prison of up to **three years** on supervised release; and a fine of up to **$250,000**. I advised defendant that regardless of the sentence imposed, there would be no possibility of parole. I also advised defendant that the Court will impose a mandatory special assessment of **$100.00**, which defendant must pay. I also advised defendant of the collateral consequences of pleading guilty. Defendant acknowledged understanding all of the above consequences.

I explained that the Court will impose conditions of supervised release, and that if defendant violates a condition of supervised release, then the Court could revoke defendant's supervised release and require defendant to serve all or part of the term of supervised release in prison, without credit for time previously served on supervised release. I advised defendant that there is no parole in the federal system.

I also explained that pursuant to the plea agreement, defendant waived any right to appeal the sentence imposed by the judge, except for under the limited circumstances set forth in the plea agreement.

Defendant confirmed that the decision to plead guilty was voluntary and was not the result of any promises, other than plea agreement promises, and the decision to plead guilty was not the result of anyone threatening, forcing, or pressuring defendant to plead guilty. I explained that after the district judge accepted defendant's guilty plea, defendant would have no right to withdraw the plea at a later date, even if the sentence imposed was different from what defendant anticipated.

I advised defendant that because defendant is not a United States citizen, it is likely defendant will be deported from the United States after serving any prison sentence imposed. I also advised defendant that this conviction may affect defendant's ability to ever lawfully reenter the United States.

Defendant confirmed that defendant still wished to plead guilty, and defendant pled guilty to Count 2 of the Indictment.

I find the following with respect to each guilty plea:

1. Defendant's plea is voluntary, knowing, not the result of force, threats or promises, except plea agreement promises, and defendant is fully competent.

2. Defendant is aware of the minimum and maximum punishment.

3. Defendant knows of and voluntarily waived defendant's jury trial rights.

4. There is a factual basis for the plea.

5. Defendant is guilty of each crime to which defendant pled guilty.

I explained that the parties have 14 days from the filing of this Report and Recommendation to file any objections to my findings, and that if no objections are made, then the district judge may accept defendant's guilty plea by simply entering a written order doing so. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). *But see United States v. Cortez-Hernandez*, 673 Fed. App'x 587, 590-91 (8th Cir. 2016) (per curiam)

5

(suggesting that a defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this report and recommendation is filed.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 4th day of September, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa